# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MINISTER JAMES PEGGS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV327 |
| | ) | |
| GRADY I. INGLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff "Minister James Peggs Sr., Secured Party" filed this action on May 5, 2009, naming numerous Defendants. In the caption of the complaint, which is styled "Petition of Protest; Suit at Common Law," Plaintiff identifies Defendants Grady I. Ingle; Shapiro & Ingle; GMAC Mortgage LLC; CEO, President, and Successors and Assigns of GMAC Mortgage LLC; John and Jane Does (1-25); David Churchill d/b/a Clerk of Superior Court; Wanda Locklear d/b/a Assistant Clerk of Superior Court; Terri Nance d/b/a Assistant Clerk of Superior Court; Moses Massey d/b/a Judge of Superior Court; and Deputies of the Sheriff's Department, Guilford County. Plaintiff Peggs proceeds *pro se*.

All Defendants have filed motions to dismiss, contending *inter alia*, that the Court lacks subject-matter jurisdiction over the complaint and that the complaint fails to state a legal claim upon which relief could be granted. Plaintiff Peggs has filed an

"Amendment/Addendum" (Docket No. 31), an "Affidavit of Motion to Stay" (Docket No. 32), and a "Mandatory Judicial Notice" (Docket No. 33). Defendant B.J. Barnes, Sheriff, has filed a Rule 11 Motion for Sanctions against Plaintiff, as well as a motion to strike Plaintiff's Amendment/Addendum. (Docket Nos. 34 and 36.) Additionally, GMAC has filed a motion to consolidate this action with a separate action filed by *pro se* Plaintiff Peggs.[1]

### The Petition

A review of the *pro se* complaint ("Petition of Protest; Suit at Common Law") shows that it is a confused document that is rife with misstatements of law and irrelevant recitations of "fact." For example, a preamble to the petition reads in full:

> Comes Now, Minister James Peggs Sr, Petitioner herein, one of the Private People in the North Carolina Republic, one of United States of America, a Union of republics, sworn Affidavit of Complaint at Common Law under penalties of perjury, under The Laws of The united States of America and the North Carolina Republic, and states that Petitioner is competent to be a witness and that the facts contained herein are true, correct, complete, and not misleading, to the best of Petitioner's first-hand knowledge and under Petitioner's unlimited commercial Liability.

(Docket No. 1, Petition at 1-2.)

Plaintiff Peggs states that this action at law is pursuant to the Constitution and the Bill of Rights, and he cites 20 separate bases for his suit, including numerous State and Federal

---

[1] GMAC's motion to consolidate, Docket No. 21 is **DENIED** in view of the fact that the separate action, pending as Case No. 1:09CV173, is far advanced. A Recommendation for dismissal with prejudice is already pending, without timely objection, in that action.

statutes and the "Papers of Franklin Roosevelt." (*Id*. at 2.) He includes a "Factual Background" that states that "Accused [attorney Ingle and Shapiro & Ingle] filed documents against Petitioner's copyrighted sole corporations, with the Clerk of Superior Court in an attempt to intimidate and compel payment on an alleged loan. Evidentiary hearing was scheduled for January 28, 2009 A.D. All actions and complaints are predicated upon that filing. Petitioner responded to said invitation." (*Id*. at 3.) Copies of state court documents made exhibits to the Petition show that the proceedings Plaintiff refers to were a part of a foreclosure action upon a deed of trust executed by James R. Peggs and Deborah A. Peggs.

Gleaning what can be divined from the *pro se* Plaintiff's allegations, it appears that Plaintiff complains that Defendant Ingle ["the Accused"] failed to identify the "holder in due course" and did not prove any default during the state court foreclosure proceedings. Plaintiff alleges that the Accused failed to acknowledge three separate "pay offs" and is thereby committing "Security Fraud" which may be considered "extortion." (*Id*. at 4.) The Accused also failed to mention payments from insurance, which may be considered "insurance fraud." (*Id*. at 5.) Plaintiff makes various other challenges to the propriety and accuracy of the foreclosure proceedings, including that the Clerk presupposed the alleged validity of the debt rather than demanding proof. Plaintiff references "Color of Law" (Count II) and states that the Accused conspired to prevent a Common Law trial by jury. (*Id.* at 6.)

Plaintiff alleges that no Defendant established subject matter jurisdiction during the state court foreclosure action. (*Id*. at 7.) He states that "[j]urisdiction exist only at Common

-3-

Case 1:09-cv-00327-UA-PTS   Document 39   Filed 09/30/09   Page 3 of 9

Law and pursuant to the Constitution of the united States of America and the First Ten Articles in Amendment." (*Id.* at 8.) He states that on "March 6, 1933 the federal government got the Conference of Governors to pledge faith and credit of the several States of the Union and their citizenry to the aid of the National Government. . . ." (*Id.* at 9.) He continues the governors thereby committed treason against their States. He contends that the "States are bankrupt entities" and therefore the state courts "have no enforceable jurisdiction . . . ." (*Id.*) Plaintiff alleges that the state courts thus lacked subject matter jurisdiction but the Clerk Defendants and Judge Defendant improperly proceeded with the foreclosure proceeding.

He alleges further that he was denied "free speech" and due process during the state proceedings, and that Defendants gave false evidence. He states that the actual Accuser, GMAC Mortgage, failed even to appear in court. (*Id*. at 13.) On the basis of his allegations, Plaintiff alleges breaches of contract, "money lent," violations of truth in lending law, conversion, lack of authority, and violation of the Patriot Act. (*Id.* at 14-20.)

Discussion

The summary of the allegations of the Petition set out above establishes, without the need for extended discussion, that Plaintiff Peggs has stated no cognizable cause of action against any Defendant in this action. Under the test of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1947 (2009), Plaintiff has not approached articulating a plausible claim under any allegations of the Petition. Instead,

Plaintiff's allegations of wrongdoing by Defendants rest upon their roles in a state court foreclosure proceeding against Plaintiff and Plaintiff's incomprehensible assertion that the state courts have no legitimate jurisdiction because certain governors committed treason in 1933 by recognizing federal authority over the States. No further discussion of the merits (or complete lack thereof) of Plaintiff's Petition is warranted. The motions to dismiss filed by all Defendants should be granted with prejudice pursuant to Rule 12(b)(6).

It follows, of course, that Plaintiff's motion to stay the state court foreclosure proceedings (Docket No. 32) should be denied. His "Amendment/Addendum" (Docket No. 31) should be stricken as an improper pleading since it is in reality a response to the various motions to dismiss filed by the Defendants. And Plaintiff's "Mandatory Judicial Notice" (Docket No. 33) should be stricken since the matters recited therein are not the proper subject of judicial notice. (Nor are they accurate: Plaintiff states, e.g., that "the de facto State courts have no enforceable jurisdiction.") (*Id*. at 3.)

What remains for consideration is the motion of Sheriff Barnes ("Deputies of the Sheriff's Department") for Rule 11 sanctions against Plaintiff Peggs. (Docket No. 34.) Pursuant to Rule 11, Sheriff Barnes served Plaintiff with a copy of the motion for sanctions on July 2, 2009, affording Plaintiff notice that under Rule 11 he was entitled to 21 days from the date of service to either present evidentiary support for his allegations or withdraw the allegations set forth in Plaintiff's "Response to William L. Hill's [Sheriff Barnes'] Motion to Dismiss." (Docket No. 34, Ex. 1.) Plaintiff has not withdrawn his response to Sheriff

-5-

Barnes' motion to dismiss and has not responded to the motion for sanctions filed July 24, 2009.

In his motion for sanctions, Sheriff Barnes challenges assertions and arguments made by Plaintiff Peggs in his response to Barnes' motion to dismiss this action (Docket No. 28). Specifically, Sheriff Barnes points to Plaintiff's statements that "[Defendant's] motion to dismiss [is] an intent to violate the 'due process' and 'trial by jury' clauses in the Constitution and Amendments" and that the motion is "an intent to induce [the] court to violate these same provisions, to violate the 'oath of office' and thereby commit 'treason.'" (Docket No. 28 at 2.) Sheriff Barnes also directs the motion for sanctions towards Plaintiff's assertion that "it appears that attempts to induce the court to deny the (including, but not limited to the Fifth and Seventh Amendments, the North Carolina Constitution, Admiralty Law) right to 'due process' and 'trial by jury' has become routine and conspiratorial." (*Id.*)

Sheriff Barnes considers that Plaintiff has made these allegations for "no other reason that spite and retaliation" for Barnes, through his attorney, lawfully filing an Answer and Motion to Dismiss. (Docket No. 35, Def.'s Br. in Support of Rule 11 Mot. for Sanctions at 5.) Defendant asserts that, "[a]t the very least, Plaintiff has demonstrated a total lack of effort to understand the law at issue, or to seek out any facts to support his defamatory allegations." (*Id*. at 6.)

Rule 11, by its very terms, applies to represented and unrepresented parties. At the same time, however, *pro se* pleadings and filings are granted a degree of indulgence not

extended to lawyers when a court considers the imposition of Rule 11 sanctions. *See Laremont-Lopez v. Se. Tidewater Opportunity Ctr.,* 968 F. Supp. 1075, 1078 (E.D. Va. 1997). Nonetheless, since the challenged arguments made by Plaintiff Peggs are manifestly frivolous, Rule 11 sanctions are appropriate. *See, e.g.*, *Harmon v. O'Keefe*, 149 F.R.D. 114 (E.D. Va. 1993). The particular arguments of Plaintiff challenged by Sheriff Barnes – essentially that a court cannot grant a motion to dismiss without violating due process and the right to a jury, and therefore a party should not request such relief – are both frivolous and irrational. They obviously have no basis in law; it is elementary that Federal Rule of Civil Procedure 12 (not to mention Rule 56) provides a procedure for dismissal of a civil action, in appropriate circumstances, short of trial by jury. Any reasonable inquiry by Plaintiff Peggs would have revealed as much. Accordingly, the Court should impose a Rule 11 sanction upon Plaintiff.

"Rule 11 sanctions serve many purposes, including punishing the violating party, compensating the victim of the violation, and, most importantly, deterring future violations." *Id*. at 117. The Fourth Circuit has identified four factors which should be considered in establishing the sanction: (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation." *In re Kunstler*, 914 F.2d 505, 523 (4th Cir. 1990). A district court should strive to impose "the least severe sanction adequate to serve the purposes of Rule 11." *Id.* at 522.

On review of these proceedings, this Court finds that the least severe sanction that will serve to deter violation by a *pro se* plaintiff such as Plaintiff Peggs is the sum of $1,500. This amount is undoubtedly far less than Defendant Barnes' reasonable attorney's fees. It is an appropriate sum in view of the severity of the Rule 11 violation. What remains for consideration is factor (3) above – Plaintiff's ability to pay. For this reason, the Court will recommend a Rule 11 sanction of $1,500 against Plaintiff Peggs, payable to Sheriff Barnes. Nonetheless, during the objection period with respect to this Recommendation, Plaintiff Peggs may object to this sanction on any ground, including argument that $1,500 is disproportionate in view of his ability to pay.

Additionally, in its discretion, the Court should impose a pre-filing injunction against Plaintiff Peggs with regard to claims or allegations related to those made in his Petition of Protest. This is Plaintiff Peggs' second action in this court arising from the state court foreclosure action upon his property. Both stand to be dismissed (upon Recommendation of the undersigned) for failure to state claim. In fact, both are utterly frivolous and have no legal foundation whatsoever. It is within the inherent power of the Court to impose a pre-filing injunction upon a litigator who has demonstrated that he will abuse the litigation process.

Accordingly, it will be recommended that the Court impose a pre-filing injunction upon Plaintiff Peggs with regard to all claims and allegations relating to matters raised in the Petition of Protest. Under such an injunction, the Clerk will be instructed not to file in this

court, without leave of a judge of the court, any action by Plaintiff Peggs which contains claims or allegations relating to matters raised in the Petition of Protest. Leave of court will be granted by the court upon review of any proposed complaint submitted by Plaintiff which falls within this pre-filing injunction upon a finding that the complaint may state a cognizable legal claim.

Conclusion

For reasons set forth above, **IT IS ORDERED** that GMAC's motion to consolidate (Docket No. 21) and Plaintiff's motion to stay the state court foreclosure proceedings (Docket No. 32) are **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff's "Amendment/Addendum" (Docket No. 31) and "Mandatory Judicial Notice" (Docket No. 33) are **STRICKEN.** Further, **IT IS RECOMMENDED** that all motions to dismiss filed by Defendants (Docket Nos. 11, 16, 18, and 25) be granted; that Sheriff Barnes' motion for Rule 11 sanctions against Plaintiff (Docket No. 34) be granted in the amount of $1,500; that the Court in its discretion impose upon Plaintiff Peggs the pre-filing injunction described above; and that this action be dismissed with prejudice.

            /s/ P. Trevor Sharp
            United States Magistrate Judge

Date: September 30, 2009